FILED
5/1/2017 1:01:59 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Edgar Garcia

2citpps-sac1

## 2017CI07883

CAUSE NO. _____

| | | |
|---|---|---|
| GUADALUPE VASQUEZ and | § | IN THE DISTRICT COURT |
| HILARY BALADEZ | § | |
| | § | |
| | § | 408th |
| v. | § | _____ JUDICIAL DISTRICT |
| | § | |
| STEVEN CARPENTER and | § | |
| R & L CARRIERS, INC. | § | BEXAR COUNTY, TEXAS |

### PLAINTIFFS' ORIGINAL PETITION AND DISCOVERY REQUESTS

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME, GUADALUPE VASQUEZ and HILARY BALADEZ, Plaintiffs,

filing this Original Petition and Discovery Requests complaining of STEVEN

CARPENTER and R & L CARRIERS, INC., Defendants, and show:

### I. DISCOVERY LEVEL

Plaintiffs intend that discovery be conducted under Level 3.

### II. THE PARTIES

Plaintiff GUADALUPE VASQUEZ is a natural person who is a resident of the

State of Texas. The last three digits of Plaintiff's Driver License number are 850.

Plaintiff HILARY BALADEZ is a natural person who is a resident of the State of

Texas. The last three digits of Plaintiff's Social Security number are 099.

Defendant STEVEN CARPENTER is an individual who may be served with

notice of this lawsuit at 4359 Roland Road, San Antonio, Texas 78222. *Service of

process is requested at this time*.

Defendant R & L CARRIERS, INC. is a corporation that may be served with

notice of this lawsuit by and through its registered agent for service, C T Corporation

1

**EXHIBIT 3**

System, at 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136. ***Service of process is
requested at this time.***

### III. JURISDICTION AND VENUE

Venue is proper in Bexar County, Texas, since it is the county of residence of

Defendant STEVEN CARPENTER. This Court has jurisdiction over the subject matter

and parties, and the amount in controversy is within the jurisdictional limits of this Court.

### IV. FACTS

Plaintiffs bring this lawsuit to recover for damages arising out of an automobile

collision that occurred on or about May 28, 2015, in Victoria, Victoria County, Texas, at

the intersection of Navarro and Brazos. At that time, Plaintiffs were traveling lawfully on

the roadway when STEVEN CARPENTER, who was in the course and scope of his

employment with Defendant R & L CARRIERS, INC., failed to yield the right of way at

a stop sign and caused a collision with Plaintiffs' vehicle. As a direct and proximate

result of the collision, Plaintiffs suffered severe injuries and damages.

### V. NEGLIGENCE OF STEVEN CARPENTER

Said accident was proximately caused by various negligent acts and/or omissions

on the part of Defendant, STEVEN CARPENTER. The negligent acts and/or omissions

include, but are not limited to, the following:

1.  Failing to avoid the accident, by taking proper evasive action;
2.  Failing to maintain a proper look out;
3.  Failing to control speed;
4.  Failing to timely apply the brakes of the vehicle;
5.  Failing to yield the right of way;
6.  Failing to keep an assured clear stopping distance;
7.  Failing to keep the vehicle under such control as an ordinary prudent person in
    the exercise of ordinary care would have operated and controlled his vehicle
    under the same or similar circumstances; and
8.  Any and all other acts of negligence and/or omissions to be proven at trial.

2

**EXHIBIT 3**

Each and every one of the foregoing acts and/or omissions, taken separately and/or collectively, constitutes a proximate cause of Plaintiffs' injuries and damages set forth below.

### VI. PLAINTIFFS' CLAIM OF RESPONDEAT SUPERIOR AGAINST R & L CARRIERS, INC.

At the time of the occurrence of the act in question and immediately prior thereto, STEVEN CARPENTER was acting within the course and scope of his employment with Defendant R & L CARRIERS, INC.

At the time of the occurrence of the act in question and immediately prior thereto, STEVEN CARPENTER was engaged in the furtherance of business for R & L CARRIERS, INC.

At the time of the occurrence of the act in question and immediately prior thereto, STEVEN CARPENTER was engaged in accomplishing a task for which he was employed.

Plaintiffs hereby invoke the doctrine of Respondeat Superior against Defendant R & L CARRIERS, INC.

### VII. NEGLIGENCE OF R & L CARRIERS, INC.

Said accident was proximately caused by various negligent acts and/or omissions on the part of Defendant, R & L CARRIERS, INC., by and through its agents, servants and/or employees, namely, but not limited to, STEVEN CARPENTER. The negligent acts and/or omissions include, but are not limited to, the following:

1. Failing to avoid the accident, by taking proper evasive action;
2. Failing to maintain a proper look out;
3. Failing to control speed;
4. Failing to timely apply the brakes of the vehicle;

3

**EXHIBIT 3**

5. Failing to yield the right of way;
6. Failing to keep an assured clear stopping distance;
7. Failing to keep the vehicle under such control as an ordinary prudent person in the exercise of ordinary care would have operated and controlled his vehicle under the same or similar circumstances; and
8. Any and all other acts of negligence and/or omissions to be proven at trial.

Each and every one of the foregoing acts and/or omissions, taken separately and/or collectively, constitutes a proximate cause of Plaintiffs' injuries and damages.

## VIII. DAMAGES

As a direct and proximate result of the actions and/or inactions of the Defendants, Plaintiffs suffered the following injuries and damages:

1. Mental anguish and physical pain suffered from the date and time of the accident and that will in all reasonable probability be suffered in the future;

2. Physical impairment and physical disfigurement suffered from the date and time of the accident and that will in all reasonable probability be suffered into the future; and

3. Reasonable and necessary medical expenses incurred from the date and time of the accident, and that will in all reasonable probability be incurred in the future.

Plaintiffs allege that these sums, taken cumulatively, are well in excess of the minimum jurisdictional limits of this Court for which Defendants should be made to pay. Plaintiffs seek monetary relief over $200,000, but not more than $1,000,000.

## IX. DISCOVERY REQUESTS TO ALL DEFENDANTS

INSTRUCTIONS:  Pursuant to Rules 196, 197, and 198 of the Texas Rules of Civil Procedure, you are hereby requested not later than fifty (50) days after the date of service to:

(a)    Answer under oath each of the following interrogatories;

(b)    Produce all documents and tangible things which constitute or contain matters relevant to the subject matter in the action which are in your possession, custody, or control, including constructive possession;

**EXHIBIT 3**

(c)     Answer fully and factually each of the interrogatories hereinafter set out; and

(d)     Give a truthful response to each Request for Admission.

You are also instructed as follows:

1.   If you do not admit the truth of the facts stated in a request for admission, you must specifically deny the same or set forth in detail the reasons why you cannot truthfully either admit or deny such statements of fact.

2.   Any admission made pursuant to these requests applies to this action only and is not an admission by you for any other purpose and may not be used against you in any other proceeding.

Each matter for which an admission is requested shall be deemed admitted unless your response is served on the undersigned attorneys during the period of time set forth herein.

3.   If you deny a request and the Plaintiff thereafter proves the truth of such matter you may be ordered to pay the costs of proof, including Plaintiff's attorney's fees.

4.   The answers to the interrogatories must be supplemented when you obtain information upon the basis of which:

(a)     You know an answer was incorrect when made; or

(b)     You know that the answer, though correct when made, is no longer true and the circumstances are such that to fail to amend your answers would be in substance a knowing concealment.

DEFINITIONS

1.   "Documents": As used herein, the term "documents" means any written, typed, printed, recorded, graphic or photographic matter or sound reproduction however produced or reproduced, and shall include every copy where such copy contains any commentary, marginal comments or notations whatsoever that do not appear in the original.

2.   "Identify" or "Identification":

(a)     When used in reference to a person, "identify" or "identification" means to state his/her full name and present or last known address, employer and business address, and current residential and business telephone numbers;

(b)     When used in reference to a public or private cooperation, governmental entity, partnership or association, "identify" or "identification" means to state

**EXHIBIT 3**

                its full name, present or last known business or operating address and the name of its chief executive officer; and

(c)     When used with respect to a document, "identify" or "identification" means to state the date, subject or substance, all receipts, type of document, its present location and to identify each of its present custodians.  In lieu of identification of a document, Defendant may attach a copy of such document to his answers.

In answering the following Questions, furnish all information and items available to you, including information or items in the possession of your attorneys, or their investigators, and all persons acting in your behalf and not merely such information known of your own personal knowledge.  If you cannot answer a Question in full after exercising due diligence to secure the information, so state in your answer and to the extent possible answer stating whatever information or knowledge you have.

The Questions which follow are to be considered as continuing, and you are requested to provide by way of supplemental answers hereto such additional information as you or any other person acting on your behalf may hereafter obtain which will augment or otherwise modify your answers given to the Questions below.  Such supplemental responses are to be filed and served upon this party immediately upon receipt of such information.

As used herein, the following terms shall have the meaning indicated below:

(a)     "Person" means natural persons, corporations, partnerships, sole proprietorships, unions, associations, federations or any other kind of entity.

(b)     "Document" means any printed, typewritten, handwritten, mechanically or otherwise recorded matter of whatever character, including but without limitation, letters, purchase orders, memoranda, telegrams, notes, catalogues, brochures, diaries, reports, calendars, inter- or intra- office communications, statements, investigative reports, announcements, depositions, answers to interrogatories, pleadings, judgments, newspaper articles, photographs, tape recordings, motion pictures and any carbon or photographic copies of any such material if you do not have custody or control of the original.  If any document identified was but is no longer in your possession or control or is no longer in existence, state whether it is:

(1)     Missing or lost;

(2)     Destroyed;

(3)     Transferred voluntarily or involuntarily to others, and, if so, to whom, or;

(4)     Otherwise disposed of; and in each instance explain the circumstances surrounding an authorization of such disposition thereof, state the approximate date thereof and describe its contents.

**EXHIBIT 3**

(c)     "You" and "Your" shall mean the party to whom these questions are directed as well as agents, employees, attorneys, investigators and all other "persons" acting for said party.

In each Question wherein you are asked to identify a person, state with respect to such person as follows:

(1)     His/her full name.
(2)     His/her last known address and phone number.

If a person to be identified is not a natural person (e.g. a corporation) give its name and address and principal business activity.

(d)     "Interrogatory" means Interrogatory and "Adm." means Admission. Where possible, give your answer or response where designated below each Interrogatory or Admission.  Otherwise, attach your replies on a separate sheet of paper, accurately designating each reply to the appropriate question.

## INTERROGATORIES

Interrogatory No. 1:  Identify the person or persons who are answering these Interrogatories and Requests for Admissions in the above styled and numbered cause by stating:

(a)     Your full name (any other names, including maiden name, if applicable);
(b)     All driver licenses, types, numbers and by whom issued, held by you at any time;
(c)     Your date and place of birth;
(d)     Your address or addresses for the past five years, giving the street address, street number, city and state;
(e)     The name and last known street, city and state address of each person, if any, to whom you have ever been married either ceremonially or by common law marriage; and
(f)     Your occupation.

**ANSWER:**

Interrogatory No. 2:  Describe how you understand the incident made the basis of this lawsuit occurred.

**ANSWER:**

Interrogatory No. 3:  Has STEVEN CARPENTER ever had a driver license restricted, suspended, canceled, or revoked?  If the answer is yes, please identify the date and reason for any restrictions, suspensions, revocations, or cancellations.

**ANSWER:**

7

# EXHIBIT 3

<u>Interrogatory No. 4</u>:   Please state whether STEVEN CARPENTER has ever been convicted, charged or pled guilty to any crime, whether a felony or misdemeanor, and describe the nature of any such charges or convictions, the times such charges were made, and, if applicable, the state, district, court, cause number and date when a judgment of conviction was entered against him.

**ANSWER:**

<u>Interrogatory No. 5</u>:  Detail all contentions that you are not liable to the Plaintiffs as alleged in Plaintiffs' Petition.

**ANSWER:**

<u>Interrogatory No. 6</u>: Identify any and all car accidents that STEVEN CARPENTER has been involved in for the last five years.  Provide the date, location, and a description of any accidents.

**ANSWER:**

<u>Interrogatory No. 7</u>: Please identify each and every adjuster, claims handler and/or investigator that has investigated this claim.

**ANSWER:**

<u>Interrogatory No. 8</u>: Where was STEVEN CARPENTER coming from and where was he going at the time of the collision made the basis of this lawsuit? Include in your answer any stops made after he began the trip.

**ANSWER:**

<u>Interrogatory No. 9</u>: Identify any intoxicants, drugs, and/or medications, prescription or other, ingested by STEVEN CARPENTER in the forty-eight (48) hours preceding the collision made the basis of this lawsuit.

**ANSWER:**

<u>Interrogatory No. 10</u>: List all mechanical or other defects, if any, in the Defendants' vehicle at the time of the accident made the basis of this suit.  Include any advisories from any person giving notice that the vehicle may have needed or required repairs or maintenance.

**ANSWER:**

<u>Interrogatory No. 11</u>: If an investigation was conducted concerning the accident in question, please identify the person who conducted each investigation, and if he/she does not now

**EXHIBIT 3**

have custody of any records or reports concerning the investigation, the name and address of the person now having custody of the records or reports made concerning each investigation.

**ANSWER:**

Interrogatory No. 12:  Has STEVEN CARPENTER ever worn or needed corrective lenses? If so, state when he first began to wear or need corrective lenses, whether he had corrective lenses on at the time of this incident, whether they were regular corrective lenses or sunglasses, a description of the condition which require the use of corrective lenses, and whether he wears corrective lenses constantly or for particular purposes.
**ANSWER:**

Interrogatory No. 13:  Have you ever been involved in a lawsuit other than this one?  If so, list the names of all such actions, the court in which suit was filed, the attorney involved, the disposition of the lawsuit and whether you were a Plaintiff or a Defendant in the same.

**ANSWER:**

Interrogatory No. 14:  Identify everything done by STEVEN CARPENTER in an attempt to avoid the collision made the basis of this lawsuit.

**ANSWER:**

Interrogatory No. 15:  Identify any and all traffic violations STEVEN CARPENTER has had in the last three years.

**ANSWER:**

Interrogatory No. 16:  Please identify STEVEN CARPENTER's cell phone number, cell phone carrier, and state whether he was operating a smart phone or other communication device at the time of the incident made the basis of this lawsuit.

**ANSWER:**

Interrogatory No. 17:  Were there any distractions in the Defendants' vehicle at the time of the collision made the basis of this lawsuit that prevented STEVEN CARPENTER from avoiding the collision made the basis of this lawsuit?

**ANSWER:**

<u>**REQUESTS FOR PRODUCTION**</u>

9

**EXHIBIT 3**

Request for Production No. 1:   Produce all documents that support your response to Interrogatory No. 3.

Request for Production No. 2:   Produce any photographs, motion pictures, videotapes, slides, films, maps, drawings, charts, or recordings connected with or related to the matters made the basis of this lawsuit, including all photos of the vehicles and or location that may be in your actual or constructive possession.

Request for Production No. 3:   Produce any diaries, notes, or similar documents prepared by the Defendant, its officers, executives, employees and/or servants, other than the attorneys for the Defendant, that relate to the facts or allegations of this suit.

Request for Production No. 4:   All notes, memoranda, written communications, electronically stored data, and communications, photographs, movies, videotapes, modules, re-enactments, audio tapes, written statements, and tests that are relevant to this incident.

Request for Production No. 5:   Please provide a copy of or supply a time and place for this party to view and/or copy any surveillance, movies, photos, investigative reports, maps, or drawings relating to Plaintiff or any other party in this lawsuit.

Request for Production No. 6:   Please provide a copy of STEVEN CARPENTER's driver license.

Request for Production No. 7:   Produce copies of any and all witness statements taken, whether signed or unsigned, written, oral, or transcribed, involving the accident made the basis of this lawsuit that are in the possession, custody, or control of the said Defendant, including any statements made by the Plaintiffs.

Request for Production No. 8:   Produce any and all property damage appraisals prepared as a result of the collision made the basis of this lawsuit.

Request for Production No. 9:   Produce copies of any and all records or reports that relate to the investigation of the collision made the basis of this lawsuit.

Request for Production No. 10:   Please provide true and correct copies of any and all documents reviewed or relied upon in preparation of Answering Plaintiffs' Interrogatories to Defendants.

Request for Production No. 11:   Please produce true and correct copies of any and all documents retrieved by Defendant as a result of the use of any authorizations provided by Plaintiffs.

Request for Production No. 12:   Please produce true and correct copies of any and all documents in the possession of Defendants or Defendants' attorneys the sole basis of which is to impeach Plaintiffs.

**EXHIBIT 3**

Request for Production No. 13:  With regards to Interrogatory No. 4, produce copies of any and all records, reports or documents that support your response.

Request for Production No. 14:  With regards to Interrogatory No. 5, produce copies of any and all records, reports or documents that support your response.

Request for Production No. 15:  Please produce copies of your cellular phone bill and STEVEN CARPENTER's cellular phone bill for the month and year within which the collision took place.

Request for Production No. 16:  Please produce copies of your insurer's claim file.


## REQUESTS FOR ADMISSIONS

REQUEST FOR ADMISSION NO. 1:  Admit or deny that the incident made the basis of this lawsuit occurred on the date alleged in Plaintiffs' Petition?
**Response:**

REQUEST FOR ADMISSION NO. 2:  Admit or deny that the incident made the basis of this lawsuit occurred in the Texas County alleged in Plaintiffs' Petition?
**Response:**

REQUEST FOR ADMISSION NO. 3:  Admit or deny that STEVEN CARPENTER operated a vehicle that collided with Plaintiffs' vehicle on the day of the incident made the basis of this lawsuit?
**Response:**

REQUEST FOR ADMISSION NO. 4:  Admit or deny that STEVEN CARPENTER did not operate the vehicle he was operating under proper control at the time of the incident made the basis of this lawsuit?
**Response:**

REQUEST FOR ADMISSION NO. 5:  Admit or deny that the manner of operation of the vehicle STEVEN CARPENTER was driving at the time of the incident made the basis of this lawsuit increased the potential hazard to the Plaintiffs and others upon the roadway?
**Response:**

REQUEST FOR ADMISSION NO. 6:  Admit or deny that Plaintiffs bear no responsibility or fault for the collision made the basis of this lawsuit?
**Response:**

REQUEST FOR ADMISSION NO. 7:  Admit or deny that all persons/entities that are in any way involved or associated with the incident which is the basis of this lawsuit have been properly named as parties to this cause of action?

11

**EXHIBIT 3**

Response:

REQUEST FOR ADMISSION NO. 8:   Admit or deny Plaintiffs' allegation that your negligence was the proximate cause of the occurrence in question?
Response:

REQUEST FOR ADMISSION NO. 9:   Admit or deny that STEVEN CARPENTER was negligent in causing the collision made the basis of this lawsuit?
Response:

REQUEST FOR ADMISSION NO. 10:   Admit or deny that your actions and/or inactions on the date of the collision made the basis of this lawsuit were a proximate cause of Plaintiffs' injuries and damages?
Response:

REQUEST FOR ADMISSION NO. 11:   Admit or deny that the Defendant has been properly served with citation in this lawsuit?
Response:

REQUEST FOR ADMISSION NO. 12:   Admit or deny that at the time of the collision made the basis of this lawsuit STEVEN CARPENTER failed to make a proper application of the vehicle's brakes?
Response:

REQUEST FOR ADMISSION NO. 13:   Admit or deny that STEVEN CARPENTER failed to take proper evasive action to avoid the collision made the basis of this lawsuit?
Response:

REQUEST FOR ADMISSION NO. 14:   Admit or deny that as a result of the collision made the basis of this lawsuit the Plaintiffs suffered bodily injury?
Response:

REQUEST FOR ADMISSION NO. 15:   Admit or deny that STEVEN CARPENTER was acting within the course and scope of his employment with R & L CARRIERS, INC. when the collision made the basis of this lawsuit occurred.

REQUEST FOR ADMISSION NO. 16:   Admit or deny that, at the time of the collision made the basis of this lawsuit, STEVEN CARPENTER was using a cell phone?
Response:

REQUEST FOR ADMISSION NO. 17:   Admit or deny that the collision made the basis of this lawsuit caused the Plaintiffs to incur $250,000 in damages each?
Response:

## X. REQUESTS FOR DISCLOSURE

**EXHIBIT 3**

Plaintiffs request that the Defendants respond to the disclosures mandated by Rule 194 of the Texas Rules of Civil Procedure within fifty (50) days of their receipt of this petition.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that, upon final trial, they recover a judgment against Defendants for damages in excess of the minimum jurisdictional limits of the Court, pre-and post-judgment interest as allowed by law, costs of Court, and for such other and further relief to which they may show themselves to be justly entitled.

RESPECTFULLY SUBMITTED,
**GENE TOSCANO, INC.,**
846 Culebra Road, Suite 104
San Antonio, Texas 78201
210/732-6091 tel
210/735-4167 fax


BY:   /s/ Andrew E. Toscano
ANDREW E. TOSCANO
SBN: 00786832
**ATTORNEYS FOR PLAINTIFFS**

13

**EXHIBIT 3**

PRIVATE PROCESS

Case Number: 2017-CI-07883

2017CI07883 S00002

**GUADALUPE VASQUEZ ETAL**
**VS.**
**STEVEN CARPENTER ETAL**
(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
408th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

Directed To: R & L CARRIERS INC

BY SERVING ITS REGISTERED AGENT, CT CORPORATION SYSTEM

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." Said petition was filed on the 1st day of May, 2017.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 3RD DAY OF MAY A.D., 2017.

PETITION

ANDREW E TOSCANO
ATTORNEY FOR PLAINTIFF
846 CULEBRA RD 104
SAN ANTONIO, TX 78201-6244



**Donna Kay McKinney**
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By: *Krystal Gonzalez*, Deputy

### Officer's Return

I received this _____ on _____ at _____ o'clock ___ m:
(___) executed it by delivering a copy of the _____ with attached _____

the date of delivery endorsed on it to the defendant, _____
person on the _____ at _____ o'clock ___ m at: _____

(___) not executed because _____

Fees: _____ Badge/PPS #: _____ Date certification expires: _____

_____ County, Texas

BY: _____

Or: VERIFICATION OF RETURN (If not served by peace officer) SWORN TO THIS _____

Notary Public, State of Texas

Or: My name is _____, my date of birth is _____, and my address is
_____, _____ County.
I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State of Texas, on the
_____ day of _____, 20_____.

_____
Declarant



**EXHIBIT 3**

PRIVATE PROCESS

Case Number: 2017-CI-07883

2017CI07883  S00001

GUADALUPE VASQUEZ ETAL

VS.

STEVEN CARPENTER ETAL
(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
408th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

Directed To: STEVEN CARPENTER

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." Said petition was filed on the 1st day of May, 2017.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 3RD DAY OF MAY A.D., 2017.

PETITION

ANDREW E TOSCANO
ATTORNEY FOR PLAINTIFF
846 CULEBRA RD 104
SAN ANTONIO, TX 78201-6244



# Donna Kay McKinney
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By: *Krystal Gonzalez*, Deputy

## Officer's Return

I received this _____ on _____ at _____ o'clock _____ m:
(____) executed it by delivering a copy of the _____ with attached _____

the date of delivery endorsed on it to the defendant, _____
person on the _____ at _____ o'clock _____ m at: _____

(____) not executed because _____

Fees: _____  Badge/PPS #:_____  Date certification expires: _____

_____ County, Texas

BY: _____

Or: VERIFICATION OF RETURN (if not served by peace officer) SWORN TO THIS _____

_____
Notary Public, State of Texas

Or: My name is _____, my date of birth is _____, and my address is _____, _____ County.
I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State of Texas, on the _____ day of _____, 20____.

# EXHIBIT 3
Declarant

 **CT Corporation**

**Service of Process Transmittal**
05/16/2017
CT Log Number 531239267

**TO:**  Teresa Reed
R & L Carriers Shared Services, L.L.C.
600 Gillam Rd, PO Box 271
Wilmington, OH 45177-0271

**RE:**  **Process Served in Texas**

**FOR:**  R & L Carriers, Inc.  (Domestic State: OH)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | GUADALUPE VASQUEZ and HILARY BALADEZ, Pltfs. vs. STEVEN CARPENTER and R & L CARRIERS, INC., Dfts. |
| **DOCUMENT(S) SERVED:** | Citation, Original Petition and Request |
| **COURT/AGENCY:** | 408th Judicial District Court Bexar County, TX<br>Case # 2017CI07883 |
| **NATURE OF ACTION:** | Personal Injury - Vehicle Collision - 05/28/2015 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 05/16/2017 postmarked on 05/09/2017 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | By 10:00 a.m. on the Monday next following the expiration of twenty days after service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | ANDREW E. TOSCANO<br>GENE TOSCANO, INC.<br>846 Culebra Road, Suite 104<br>San Antonio, TX 78201<br>210-732-6091 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 05/17/2017, Expected Purge Date: 05/22/2017 |
| | Image SOP |
| | Email Notification, Jeff Wade  jwade@rlcarriers.com |
| | Email Notification, Teresa Reed  teresa.reed@rlcarriers.com |
| | Email Notification, Dan Brake  dbrake@rlcarriers.com |
| | Email Notification, Cynthia Henry  chenry@rlcarriers.com |
| **SIGNED:**<br>**ADDRESS:**<br><br><br>**TELEPHONE:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201<br>214-932-3601 |

Page 1 of  1 / JT

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

# EXHIBIT 3



U.S. POSTAGE
PAID
SAN ANTONIO
78204
MAY 09, 17
AMOUNT
$7.0
R2303S101532

75201

1000

CERTIFIED MAIL

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

7014 2870 0002 2376 9248

R+L Carriers, Inc.
c/o CT Corporation System
1999 Bryan St, Suite 900
Dallas, Texas 75201-3136

WH
5150 Broadway #467
San Antonio, TX 78209

**EXHIBIT 3**

FILED
5/16/2017 1:40:03 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Larry Botello Jr.

CAUSE NO. 2017CI07883

| | | |
|---|---|---|
| GUADALUPE VASQUEZ and | § | IN THE DISTRICT COURT |
| HILARY BALADEZ | § | |
| | § | |
| | § | |
| v. | § | 408TH JUDICIAL DISTRICT |
| | § | |
| STEVEN CARPENTER and | § | |
| R & L CARRIERS, INC. | § | BEXAR COUNTY, TEXAS |

## PLAINTIFFS' FIRST AMENDED ORIGINAL PETITION
## AND DISCOVERY REQUESTS

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME, GUADALUPE VASQUEZ and HILARY BALADEZ, Plaintiffs,

filing this First Amended Original Petition and Discovery Requests complaining of

STEVEN CARPENTER and R & L CARRIERS, INC., Defendants, and show:

### I. DISCOVERY LEVEL

Plaintiffs intend that discovery be conducted under Level 3.

### II. THE PARTIES

Plaintiff GUADALUPE VASQUEZ is a natural person who is a resident of the

State of Texas. The last three digits of Plaintiff's Driver License number are 850.

Plaintiff HILARY BALADEZ is a natural person who is a resident of the State of

Texas. The last three digits of Plaintiff's Social Security number are 099.

Defendant STEVEN CARPENTER, whose address is 14204 303rd Ave NW,

Warren, MN 56762, is a nonresident that engaged in business in Texas out of which this

lawsuit arises. STEVEN CARPENTER does not maintain a regular place of business in

Texas and does not have a designated agent for service of process in Texas. Service is

1

**EXHIBIT 3**

requested upon the Texas Secretary of State pursuant to the Texas Long-Arm Statute, Texas Civil Practice & Remedies Code §17.044

Defendant R & L CARRIERS, INC. is a corporation that may be served with notice of this lawsuit by and through its registered agent for service, C T Corporation System, at 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136. Service of process is requested at this time.

### III. JURISDICTION AND VENUE

Venue is proper in Bexar County, Texas, since it was the county of residence of Defendant STEVEN CARPENTER when the events giving rise to this cause of action accrued. Additionally, Bexar County is the corporate defendant's principal place of business. This Court has jurisdiction over the subject matter and parties, and the amount in controversy is within the jurisdictional limits of this Court.

### IV. FACTS

Plaintiffs bring this lawsuit to recover for damages arising out of an automobile collision that occurred on or about May 28, 2015, in Victoria, Victoria County, Texas, at the intersection of Navarro and Brazos. At that time, Plaintiffs were traveling lawfully on the roadway when STEVEN CARPENTER, who was in the course and scope of his employment with Defendant R & L CARRIERS, INC., failed to yield the right of way at a stop sign and caused a collision with Plaintiffs' vehicle. As a direct and proximate result of the collision, Plaintiffs suffered severe injuries and damages.

2

**EXHIBIT 3**

## V.  NEGLIGENCE OF STEVEN CARPENTER

Said accident was proximately caused by various negligent acts and/or omissions on the part of Defendant, STEVEN CARPENTER. The negligent acts and/or omissions include, but are not limited to, the following:

1. Failing to avoid the accident, by taking proper evasive action;
2. Failing to maintain a proper look out;
3. Failing to control speed;
4. Failing to timely apply the brakes of the vehicle;
5. Failing to yield the right of way;
6. Failing to keep an assured clear stopping distance;
7. Failing to keep the vehicle under such control as an ordinary prudent person in the exercise of ordinary care would have operated and controlled his vehicle under the same or similar circumstances; and
8. Any and all other acts of negligence and/or omissions to be proven at trial.

Each and every one of the foregoing acts and/or omissions, taken separately and/or collectively, constitutes a proximate cause of Plaintiffs' injuries and damages set forth below.

## VI. PLAINTIFFS' CLAIM OF RESPONDEAT SUPERIOR AGAINST R & L CARRIERS, INC.

At the time of the occurrence of the act in question and immediately prior thereto, STEVEN CARPENTER was acting within the course and scope of his employment with Defendant R & L CARRIERS, INC.

At the time of the occurrence of the act in question and immediately prior thereto, STEVEN CARPENTER was engaged in the furtherance of business for R & L CARRIERS, INC.

At the time of the occurrence of the act in question and immediately prior thereto, STEVEN CARPENTER was engaged in accomplishing a task for which he was employed.

# EXHIBIT 3

Plaintiffs hereby invoke the doctrine of Respondeat Superior against Defendant R & L CARRIERS, INC.

## VII. NEGLIGENCE OF R & L CARRIERS, INC.

Said accident was proximately caused by various negligent acts and/or omissions on the part of Defendant, R & L CARRIERS, INC., by and through its agents, servants and/or employees, namely, but not limited to, STEVEN CARPENTER. The negligent acts and/or omissions include, but are not limited to, the following:

1. Failing to avoid the accident, by taking proper evasive action;
2. Failing to maintain a proper look out;
3. Failing to control speed;
4. Failing to timely apply the brakes of the vehicle;
5. Failing to yield the right of way;
6. Failing to keep an assured clear stopping distance;
7. Failing to keep the vehicle under such control as an ordinary prudent person in the exercise of ordinary care would have operated and controlled his vehicle under the same or similar circumstances; and
8. Any and all other acts of negligence and/or omissions to be proven at trial.

Each and every one of the foregoing acts and/or omissions, taken separately and/or collectively, constitutes a proximate cause of Plaintiffs' injuries and damages.

## VIII. DAMAGES

As a direct and proximate result of the actions and/or inactions of the Defendants, Plaintiffs suffered the following injuries and damages:

1.   Mental anguish and physical pain suffered from the date and time of the accident and that will in all reasonable probability be suffered in the future;

2.   Physical impairment and physical disfigurement suffered from the date and time of the accident and that will in all reasonable probability be suffered into the future; and

3.   Reasonable and necessary medical expenses incurred from the date and time of the accident, and that will in all reasonable probability be incurred in the future.

4

## EXHIBIT 3

Plaintiffs allege that these sums, taken cumulatively, are well in excess of the minimum jurisdictional limits of this Court for which Defendants should be made to pay. Plaintiffs seek monetary relief over $200,000, but not more than $1,000,000.

## IX. DISCOVERY REQUESTS TO ALL DEFENDANTS

INSTRUCTIONS:  Pursuant to Rules 196, 197, and 198 of the Texas Rules of Civil Procedure, you are hereby requested not later than fifty (50) days after the date of service to:

(a)     Answer under oath each of the following interrogatories;

(b)     Produce all documents and tangible things which constitute or contain matters relevant to the subject matter in the action which are in your possession, custody, or control, including constructive possession;

(c)     Answer fully and factually each of the interrogatories hereinafter set out; and

(d)     Give a truthful response to each Request for Admission.

You are also instructed as follows:

1.     If you do not admit the truth of the facts stated in a request for admission, you must specifically deny the same or set forth in detail the reasons why you cannot truthfully either admit or deny such statements of fact.

2.     Any admission made pursuant to these requests applies to this action only and is not an admission by you for any other purpose and may not be used against you in any other proceeding.

Each matter for which an admission is requested shall be deemed admitted unless your response is served on the undersigned attorneys during the period of time set forth herein.

3.     If you deny a request and the Plaintiff thereafter proves the truth of such matter you may be ordered to pay the costs of proof, including Plaintiff's attorney's fees.

4.     The answers to the interrogatories must be supplemented when you obtain information upon the basis of which:

(a)     You know an answer was incorrect when made; or

# EXHIBIT 3

    (b)     You know that the answer, though correct when made, is no longer true and the circumstances are such that to fail to amend your answers would be in substance a knowing concealment.

DEFINITIONS

1.      "Documents": As used herein, the term "documents" means any written, typed, printed, recorded, graphic or photographic matter or sound reproduction however produced or reproduced, and shall include every copy where such copy contains any commentary, marginal comments or notations whatsoever that do not appear in the original.

2.      "Identify" or "Identification":

    (a)     When used in reference to a person, "identify" or "identification" means to state his/her full name and present or last known address, employer and business address, and current residential and business telephone numbers;

    (b)     When used in reference to a public or private cooperation, governmental entity, partnership or association, "identify" or "identification" means to state its full name, present or last known business or operating address and the name of its chief executive officer; and

    (c)     When used with respect to a document, "identify" or "identification" means to state the date, subject or substance, all receipts, type of document, its present location and to identify each of its present custodians. In lieu of identification of a document, Defendant may attach a copy of such document to his answers.

In answering the following Questions, furnish all information and items available to you, including information or items in the possession of your attorneys, or their investigators, and all persons acting in your behalf and not merely such information known of your own personal knowledge. If you cannot answer a Question in full after exercising due diligence to secure the information, so state in your answer and to the extent possible answer stating whatever information or knowledge you have.

The Questions which follow are to be considered as continuing, and you are requested to provide by way of supplemental answers hereto such additional information as you or any other person acting on your behalf may hereafter obtain which will augment or otherwise modify your answers given to the Questions below. Such supplemental responses are to be filed and served upon this party immediately upon receipt of such information.

As used herein, the following terms shall have the meaning indicated below:

    (a)     "Person" means natural persons, corporations, partnerships, sole proprietorships, unions, associations, federations or any other kind of entity.

    (b)     "Document" means any printed, typewritten, handwritten, mechanically or otherwise recorded matter of whatever character, including but without

**EXHIBIT 3**

limitation, letters, purchase orders, memoranda, telegrams, notes, catalogues, brochures, diaries, reports, calendars, inter- or intra- office communications, statements, investigative reports, announcements, depositions, answers to interrogatories, pleadings, judgments, newspaper articles, photographs, tape recordings, motion pictures and any carbon or photographic copies of any such material if you do not have custody or control of the original.  If any document identified was but is no longer in your possession or control or is no longer in existence, state whether it is:

(1)    Missing or lost;
(2)    Destroyed;
(3)    Transferred voluntarily or involuntarily to others, and, if so, to whom, or;
(4)    Otherwise disposed of; and in each instance explain the circumstances surrounding an authorization of such disposition thereof, state the approximate date thereof and describe its contents.

(c)    "You" and "Your" shall mean the party to whom these questions are directed as well as agents, employees, attorneys, investigators and all other "persons" acting for said party.

In each Question wherein you are asked to identify a person, state with respect to such person as follows:

(1)    His/her full name.
(2)    His/her last known address and phone number.

If a person to be identified is not a natural person (e.g. a corporation) give its name and address and principal business activity.

(d)    "Interrogatory" means Interrogatory and "Adm." means Admission.
Where possible, give your answer or response where designated below each Interrogatory or Admission.  Otherwise, attach your replies on a separate sheet of paper, accurately designating each reply to the appropriate question.

## INTERROGATORIES

Interrogatory No. 1:  Identify the person or persons who are answering these Interrogatories and Requests for Admissions in the above styled and numbered cause by stating:

(a)    Your full name (any other names, including maiden name, if applicable);
(b)    All driver licenses, types, numbers and by whom issued, held by you at any time;
(c)    Your date and place of birth;
(d)    Your address or addresses for the past five years, giving the street address, street number, city and state;

7

# EXHIBIT 3

(e)     The name and last known street, city and state address of each person, if any, to whom you have ever been married either ceremonially or by common law marriage; and

(f)     Your occupation.

**ANSWER:**

<u>Interrogatory No. 2:</u>   Describe how you understand the incident made the basis of this lawsuit occurred.

**ANSWER:**

<u>Interrogatory No. 3:</u>   Has STEVEN CARPENTER ever had a driver license restricted, suspended, canceled, or revoked?  If the answer is yes, please identify the date and reason for any restrictions, suspensions, revocations, or cancellations.

**ANSWER:**

<u>Interrogatory No. 4:</u>   Please state whether STEVEN CARPENTER has ever been convicted, charged or pled guilty to any crime, whether a felony or misdemeanor, and describe the nature of any such charges or convictions, the times such charges were made, and, if applicable, the state, district, court, cause number and date when a judgment of conviction was entered against him.

**ANSWER:**

<u>Interrogatory No. 5:</u>   Detail all contentions that you are not liable to the Plaintiffs as alleged in Plaintiffs' Petition.

**ANSWER:**

<u>Interrogatory No. 6</u>: Identify any and all car accidents that STEVEN CARPENTER has been involved in for the last five years.  Provide the date, location, and a description of any accidents.

**ANSWER:**

<u>Interrogatory No. 7</u>: Please identify each and every adjuster, claims handler and/or investigator that has investigated this claim.

**ANSWER:**

<u>Interrogatory No. 8</u>: Where was STEVEN CARPENTER coming from and where was he going at the time of the collision made the basis of this lawsuit? Include in your answer any stops made after he began the trip.

**EXHIBIT 3**

**ANSWER:**

Interrogatory No. 9:  Identify any intoxicants, drugs, and/or medications, prescription or other, ingested by STEVEN CARPENTER in the forty-eight (48) hours preceding the collision made the basis of this lawsuit.

**ANSWER:**


Interrogatory No. 10:  List all mechanical or other defects, if any, in the Defendants' vehicle at the time of the accident made the basis of this suit.  Include any advisories from any person giving notice that the vehicle may have needed or required repairs or maintenance.

**ANSWER:**

Interrogatory No. 11:  If an investigation was conducted concerning the accident in question, please identify the person who conducted each investigation, and if he/she does not now have custody of any records or reports concerning the investigation, the name and address of the person now having custody of the records or reports made concerning each investigation.

**ANSWER:**

Interrogatory No. 12:  Has STEVEN CARPENTER ever worn or needed corrective lenses? If so, state when he first began to wear or need corrective lenses, whether he had corrective lenses on at the time of this incident, whether they were regular corrective lenses or sunglasses, a description of the condition which require the use of corrective lenses, and whether he wears corrective lenses constantly or for particular purposes.
**ANSWER:**

Interrogatory No. 13:  Have you ever been involved in a lawsuit other than this one?  If so, list the names of all such actions, the court in which suit was filed, the attorney involved, the disposition of the lawsuit and whether you were a Plaintiff or a Defendant in the same.

**ANSWER:**

Interrogatory No. 14:  Identify everything done by STEVEN CARPENTER in an attempt to avoid the collision made the basis of this lawsuit.

**ANSWER:**

Interrogatory No. 15:  Identify any and all traffic violations STEVEN CARPENTER has had in the last three years.

9

**EXHIBIT 3**

**ANSWER:**

<u>Interrogatory No. 16:</u>  Please identify STEVEN CARPENTER's cell phone number, cell phone carrier, and state whether he was operating a smart phone or other communication device at the time of the incident made the basis of this lawsuit.

**ANSWER:**

<u>Interrogatory No. 17:</u>   Were there any distractions in the Defendants' vehicle at the time of the collision made the basis of this lawsuit that prevented STEVEN CARPENTER from avoiding the collision made the basis of this lawsuit?

**ANSWER:**

## **REQUESTS FOR PRODUCTION**

<u>Request for Production No. 1:</u>   Produce all documents that support your response to Interrogatory No. 3.

<u>Request for Production No. 2:</u>   Produce any photographs, motion pictures, videotapes, slides, films, maps, drawings, charts, or recordings connected with or related to the matters made the basis of this lawsuit, including all photos of the vehicles and or location that may be in your actual or constructive possession.

<u>Request for Production No. 3:</u>  Produce any diaries, notes, or similar documents prepared by the Defendant, its officers, executives, employees and/or servants, other than the attorneys for the Defendant, that relate to the facts or allegations of this suit.

<u>Request for Production No. 4:</u>  All notes, memoranda, written communications, electronically stored data, and communications, photographs, movies, videotapes, modules, re-enactments, audio tapes, written statements, and tests that are relevant to this incident.

<u>Request for Production No. 5:</u>  Please provide a copy of or supply a time and place for this party to view and/or copy any surveillance, movies, photos, investigative reports, maps, or drawings relating to Plaintiff or any other party in this lawsuit.

<u>Request for Production No. 6:</u>  Please provide a copy of STEVEN CARPENTER's driver license.

<u>Request for Production No. 7:</u>  Produce copies of any and all witness statements taken, whether signed or unsigned, written, oral, or transcribed, involving the accident made the basis of this lawsuit that are in the possession, custody, or control of the said Defendant, including any statements made by the Plaintiffs.

10

**EXHIBIT 3**

Request for Production No. 8:  Produce any and all property damage appraisals prepared as a result of the collision made the basis of this lawsuit.

Request for Production No. 9:  Produce copies of any and all records or reports that relate to the investigation of the collision made the basis of this lawsuit.

Request for Production No. 10:  Please provide true and correct copies of any and all documents reviewed or relied upon in preparation of Answering Plaintiffs' Interrogatories to Defendants.

Request for Production No. 11:  Please produce true and correct copies of any and all documents retrieved by Defendant as a result of the use of any authorizations provided by Plaintiffs.

Request for Production No. 12:  Please produce true and correct copies of any and all documents in the possession of Defendants or Defendants' attorneys the sole basis of which is to impeach Plaintiffs.

Request for Production No. 13:  With regards to Interrogatory No. 4, produce copies of any and all records, reports or documents that support your response.

Request for Production No. 14:  With regards to Interrogatory No. 5, produce copies of any and all records, reports or documents that support your response.

Request for Production No. 15:  Please produce copies of your cellular phone bill and STEVEN CARPENTER's cellular phone bill for the month and year within which the collision took place.

Request for Production No. 16:  Please produce your insurer's claim file.


## **REQUESTS FOR ADMISSIONS**

REQUEST FOR ADMISSION NO. 1:  Admit or deny that the incident made the basis of this lawsuit occurred on the date alleged in Plaintiffs' Petition?
**Response:**

REQUEST FOR ADMISSION NO. 2:  Admit or deny that the incident made the basis of this lawsuit occurred in the Texas County alleged in Plaintiffs' Petition?
**Response:**

REQUEST FOR ADMISSION NO. 3:  Admit or deny that STEVEN CARPENTER operated a vehicle that collided with Plaintiffs' vehicle on the day of the incident made the basis of this lawsuit?

# EXHIBIT 3

**Response:**

REQUEST FOR ADMISSION NO. 4:  Admit or deny that STEVEN CARPENTER did not operate the vehicle he was operating under proper control at the time of the incident made the basis of this lawsuit?
**Response:**

REQUEST FOR ADMISSION NO. 5:  Admit or deny that the manner of operation of the vehicle STEVEN CARPENTER was driving at the time of the incident made the basis of this lawsuit increased the potential hazard to the Plaintiffs and others upon the roadway?
**Response:**

REQUEST FOR ADMISSION NO. 6:  Admit or deny that Plaintiffs bear no responsibility or fault for the collision made the basis of this lawsuit?
**Response:**

REQUEST FOR ADMISSION NO. 7:  Admit or deny that all persons/entities that are in any way involved or associated with the incident which is the basis of this lawsuit have been properly named as parties to this cause of action?
**Response:**

REQUEST FOR ADMISSION NO. 8:  Admit or deny Plaintiffs' allegation that your negligence was the proximate cause of the occurrence in question?
**Response:**

REQUEST FOR ADMISSION NO. 9:  Admit or deny that STEVEN CARPENTER was negligent in causing the collision made the basis of this lawsuit?
**Response:**

REQUEST FOR ADMISSION NO. 10:  Admit or deny that your actions and/or inactions on the date of the collision made the basis of this lawsuit were a proximate cause of Plaintiffs' injuries and damages?
**Response:**

REQUEST FOR ADMISSION NO. 11:  Admit or deny that the Defendant has been properly served with citation in this lawsuit?
**Response:**

REQUEST FOR ADMISSION NO. 12:  Admit or deny that at the time of the collision made the basis of this lawsuit STEVEN CARPENTER failed to make a proper application of the vehicle's brakes?
**Response:**

REQUEST FOR ADMISSION NO. 13:  Admit or deny that STEVEN CARPENTER failed to take proper evasive action to avoid the collision made the basis of this lawsuit?
**Response:**

**EXHIBIT 3**

<u>REQUEST FOR ADMISSION NO. 14:</u> Admit or deny that as a result of the collision made the basis of this lawsuit the Plaintiffs suffered bodily injury?
**Response:**

<u>REQUEST FOR ADMISSION NO. 15:</u> Admit or deny that STEVEN CARPENTER was acting within the course and scope of his employment with R & L CARRIERS, INC. when the collision made the basis of this lawsuit occurred.

<u>REQUEST FOR ADMISSION NO. 16:</u> Admit or deny that, at the time of the collision made the basis of this lawsuit, STEVEN CARPENTER was using a cell phone?
**Response:**

<u>REQUEST FOR ADMISSION NO. 17:</u> Admit or deny that the collision made the basis of this lawsuit caused the Plaintiffs to incur $250,000 in damages each?
**Response:**

## X. REQUESTS FOR DISCLOSURE

Plaintiffs request that the Defendants respond to the disclosures mandated by Rule 194 of the Texas Rules of Civil Procedure within fifty (50) days of their receipt of this petition.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that, upon final trial, they recover a judgment against Defendants for damages in excess of the minimum jurisdictional limits of the Court, pre-and post-judgment interest as allowed by law, costs of Court, and for such other and further relief to which they may show themselves to be justly entitled.

RESPECTFULLY SUBMITTED,
**GENE TOSCANO, INC.,**
846 Culebra Road, Suite 104
San Antonio, Texas 78201
210/732-6091 tel
210/735-4167 fax


BY:    /s/ Andrew E. Toscano
ANDREW E. TOSCANO
SBN: 00786832
**ATTORNEYS FOR PLAINTIFFS**

13

**EXHIBIT 3**

PRIVATE PROCESS

2017CI07883  S00001

Case Number: 2017-CI-07883

GUADALUPE VASQUEZ ETAL

VS.

STEVEN CARPENTER ETAL

(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
408th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

Directed To: STEVEN CARPENTER

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." Said petition was filed on the 1st day of May, 2017.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 3RD DAY OF MAY A.D., 2017.

PETITION

ANDREW E TOSCANO
ATTORNEY FOR PLAINTIFF
846 CULEBRA RD 104
SAN ANTONIO, TX 78201-6244



**Donna  Kay  M$^{c}$Kinney**
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By: *Krystal Gonzalez*, Deputy

5/17 @ 7:18 PM

### Officer's Return

I received this _____ on _____ at _____ o'clock ___m:
(____) executed it by delivering a copy of the _____ with attached _____
_____
the date of delivery endorsed on it to the defendant, _____
person on the _____ at _____ o'clock ____ m at: _____
(____) not executed because _____
Fees: _____ Badge/PPS #: _____ Date certification expires: _____
_____ County, Texas

: BY: _____

Or: VERIFICATION OF RETURN (If not served by peace officer) SWORN TO THIS _____
_____

Notary Public, State of Texas

Or: My name is _____, my date of birth is _____, and my address is _____, _____ County.
I declare under penalty of perjury that the foregoing is true and correct.  Executed in _____ County, State of Texas, on the _____ day of _____, 20 ____.

## EXHIBIT 3
Declarant